```
               IN THE UNITED STATES DISTRICT COURT

                    FOR THE DISTRICT OF OREGON

                         PORTLAND DIVISION
```

GARY O. SMITH,

        Plaintiff,
                                        Civil No. 10-706-BR

    v.
                                        ORDER TO DISMISS

JUDGE JOHN COLLINS,

        Defendant.

BROWN, Judge.

    Plaintiff brings this civil action *pro se*. Pursuant to an order entered by the Court this date, Plaintiff was granted leave to proceed *in forma pauperis*. However, for the reasons set forth below, Plaintiff's complaint is dismissed on the basis that it seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(iii).

1 - ORDER TO DISMISS -

**BACKGROUND**

Plaintiff alleges Defendant, a judge for the Circuit of the State of Oregon for the County of Yamhill, failed to appoint a guardian ad litem for Plaintiff in a marriage dissolution proceeding. By way of remedy, Plaintiff seeks money damages.

**STANDARDS**

Where a Plaintiff is granted leave to proceed *in forma pauperis*, the court shall dismiss the case at any time if the court determines that:

> (B)   the action . . .
>
>> (i)   is frivolous or malicious;
>>
>> (ii)  fails to state a claim on which relief may be granted; or
>>
>> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

Before dismissing a *pro se* civil complaint for failure to state a claim, this court supplies the plaintiff with a statement of the complaint's deficiencies. McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir. 1992), overruled on other grounds by WMX Tech., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1998); Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623-24 (9th Cir. 1988); Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint

2 - ORDER TO DISMISS -

unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. Karim-Panahi, 839 F.2d at 623; Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

"Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc); see also Miller v. Davis, 521 F.3d 1142, 1145 (9th Cir. 2008); Partington v. Gedan, 961 F.2d 852, 860 n.8 (9th Cir. 1992); Houghton v. Osborne, 834 F.2d 745, 750 (9th Cir. 1987). Judges retain their immunity when they are accused of acting maliciously or corruptly, see Mireles v. Waco, 502 U.S. 9, 11 (1991); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978); Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999); Tanner v. Heise, 879 F.2d 572, 576 (9th Cir. 1989), and when they are accused of acting in error, see Meek, 183 F.3d at 965; Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988).

Judge Collins is entitled to absolute judicial immunity from liability for damages caused by judicial acts performed in his judicial capacity in the course of Plaintiff's marriage dissolution proceeding. Accordingly, Plaintiff's Complaint against Judge Collins must be dismissed.

3 - ORDER TO DISMISS -

## CONCLUSION

Based on the foregoing, IT IS ORDERED that Plaintiff's complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). Because it is clear the deficiencies of the complaint cannot be cured by amendment, the dismissal is WITH PREJUDICE.

IT IS SO ORDERED.

DATED this 4th day of August, 2010.

          /s/ Anna J. Brown
          ANNA J. BROWN
          United States District Judge

4 - ORDER TO DISMISS -